IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRITNEY JANE LITTLE DOVE NIELSON,<br><br>Plaintiff,<br><br>vs.<br><br>SUNNY KETCHUM and JOSHUA KETCHUM,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE<br><br><br><br>Case No. 2:08-CV-490 TS |

This matter is before the Court on the Motion to Intervene, filed January 13, 2009, by the Cherokee Nation.[1]

Defendants Sunny and Joshua Ketchum do not oppose intervention by the Cherokee Nation, but do challenge the grounds upon which the Cherokee Nation seeks to intervene. Specifically, the Cherokee Nation seeks to intervene by virtue of Fed. R. Civ. P. 24(a)(1), which allows intervention by anyone who has been given an unconditional right to intervene by federal statute. The Cherokee Nation incorrectly cites 25 U.S.C. § 1911(c) as providing that right, but § 1911(c) provides an unconditional right to intervene only in state court proceedings. The Cherokee Nation cites no other

---

[1] Docket No. 15.

federal statute which provides it an unconditional right to intervene, so it must rely on Fed. R. Civ. P. 24(a)(2), which allows intervention to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Defendants acknowledge that the Cherokee Nation claims an interest in the case,[2] and do not dispute the Cherokee Nation's right to intervene under Rule 24(a)(2).

It is therefore

ORDERED that the Cherokee Nation's Motion to Intervene (Docket No. 15) is GRANTED pursuant to Fed. R. Civ. P. 24(a)(2).

DATED   January 27, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] A claim which Defendants contest, and which is at the heart of the present case.