IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ADOPTION OF C.D.K., a minor child | MEMORANDUM DECISION AND ORDER DENYING RESPONDENTS' MOTION FOR STAY PENDING APPEAL, DENYING PETITIONER'S MOTIONS FOR WRIT OF EXECUTION AND TO EXPEDITE A HEARING ON THE RETURN OF CUSTODY, AND DISMISSING RESPONDENTS' COUNTERCLAIM WITHOUT PREJUDICE<br><br>Case No. 2:08-CV-490 TS |

This matter is before the Court on Petitioner's Motion for Writ of Execution and Motion to Expedite a Hearing on the Return of Custody, and on Respondents' Motion for Stay of Execution Pending Appeal and Approval of Supersedeas Bond. Petitioner, in her Motion for Writ, requests that her biological child, C.D.K., be returned to her immediately, pursuant to her reading of the Court's June 4, 2009 Order granting Summary Judgment. Petitioner also requests, in her Motion to Expedite, that the Court hold a hearing to determine return of custody. Respondents request a stay of execution pending their appeal to the Tenth Circuit. Because the Court finds that it has no further jurisdiction in this case, and because the Court's previous orders do not provide sufficient grounds for immediate return of C.D.K. to Petitioner, the Court will deny Petitioner's Motions. Because the

1

Court does not believe that Respondents are entitled to an injunction of state court proceedings pending appeal, the Court will deny Respondents' Motion, as well.

## I.  BACKGROUND

Petitioner filed her Petition to Invalidate Adoption, pursuant to the Indian Child Welfare Act (the "ICWA"),[1] on June 2, 2008.  Petitioner requested that the Court invalidate the adoption of her biological child by Respondents under § 1914,[2] which provides that "any parent . . . from whose custody such [Indian] child was removed . . . may petition any court of competent jurisdiction to invalidate such action upon a showing [the relevant placement proceedings] violated any provision of sections 1911, 1912, and 1913 of this title."[3]  Petitioner also requested that the Court immediately return the child to her custody.[4]

After briefing and oral argument, the Court held, in a June 4, 2009 Order,[5] that the child was an Indian Child under the ICWA and that the procedural provisions of the ICWA were not met in the adoption of the child by the Respondents.  The Court, therefore, granted summary judgment in favor of Petitioner and invalidated Petitioner's consent to termination of her parental rights over the child.[6]  The Court's Order was limited to invalidation of Petitioner's consent to termination of her parental rights under § 1914, and expressly refused to reach Petitioner's fraud and duress claims,

---

[1] 25 U.S.C. §§ 1901-1963.

[2] *See* Docket No. 1 at 1.

[3] 25 U.S.C. § 1914.

[4] Docket No. 1 at 16.

[5] Docket No. 36.

[6] *Id.* at 11.

which may have allowed for immediate return of C.D.K. under § 1913(d). In her Motion for Writ, however, Petitioner argued that the Court, in granting her summary judgment, had granted her plea for relief, which included a request for immediate return of custody.

Respondents appeared to agree with Petitioner that immediate return of custody was an available remedy, and filed a Motion to Stay under Fed. R. Civ. P. 62(d), offering a bond of $1,000 to "cover the Petitioner's court costs on appeal."[7]

The Court issued an Order on Briefing on June 9, 2009,[8] restating that the Court's June 4, 2009 Order had granted summary judgment only on Petitioner's procedural claims under ICWA, pursuant to § 1914, and indicated the Court's understanding that once Petitioner's relinquishment of parental rights had been invalidated, the remedies available to Petitioner were limited to those listed in § 1916. The Court requested that the parties submit briefs prior to a June 17, 2009 hearing on three questions: "(1) whether § 1916 permits immediate return of the Child to Petitioner; (2) whether the Court would have subject matter jurisdiction over a petition for return of custody under § 1916; and (3) whether the Court should stay execution of judgment pending appeal if the only effect of the Court's June 4, 2009 Order is to open the door for a petition for return of custody by the Petitioner."[9]

Petitioner subsequently filed her Motion to Expedite, again reiterating her belief that the Court had granted her plea for relief, including for immediate return of custody. In order to clarify

---

[7]Docket No. 44 at 2.

[8]Docket No. 50.

[9]*Id.* at 2-3.

the remedies available to Petitioner, the Court issued a June 15, 2009 Order Amending Judgment,[10] which expressly rejected Petitioner's fraud and duress claims. Those claims, and any remedies under § 1913(d) are, therefore, unavailable to Petitioner.

The issues have been fully briefed, and the Court heard oral arguments on the motions and related matters on June 17, 2009.

## II.  DISCUSSION

A.  RETURN OF CUSTODY

At the June 17, 2009 hearing, Respondents, Petitioner, and Intervenor all agreed that return of custody could not be ordered by the Court without compliance with the requirements of § 1916, which provides that:

> Notwithstanding State law to the contrary, whenever a final decree of adoption of an Indian child has been vacated or set aside or the adoptive parents voluntarily consent to the termination of their parental rights to the child, a biological parent or prior Indian custodian may petition for return of custody and the court shall grant such petition unless there is a showing, in a proceeding subject to the provision of section 1912 of this title, that such return of custody is not in the best interests of the child.[11]

Section 1916 establishes a multi-step process prior to the return of custody: (1) the final decree of adoption, issued in state court, must be vacated; (2) the Petitioner, as biological parent, must file a petition for return of custody; and (3) a court of competent jurisdiction must make a determination regarding the best interest of the child, subject to the procedural requirements of § 1912.

Before any other action may take place, then, there must first be a determination on the issue of vacating the final decree of adoption. In its June 4, 2009 Order, the Court acted pursuant to §

---

[10] Docket No. 55.

[11] 25 U.S.C. § 1916.

1914, which grants the Court the authority to invalidate certain actions related to state court child placement proceedings. In this case, the Court was asked to invalidate Petitioner's consent to relinquishment of her parental rights over C.D.K., and the Court acted within the narrow authority granted by § 1914 to do so. Contrary to the Petitioner's assertions, none of the Court's prior Orders presumed to go beyond the narrow authority of § 1914 to vacate the final adoption decree. As set forth below, such a decision may be made only in a state court of competent jurisdiction. The Court, therefore, finds that it is without authority to order immediate return of custody.

B.   SUBJECT MATTER JURISDICTION

The Court requested briefing from the parties on the issue of subject matter jurisdiction over the remaining steps required by § 1916 before custody may be returned to Petitioner. As an initial matter, the Court notes that issues of family relations have historically been addressed in state courts.[12] Petitioner argues, however, that Congress intended federal courts to have jurisdiction over adoption proceedings when Indian children are involved,[13] and that a primary purpose of the ICWA was to curb the problems with state court proceedings that involved Indian children.[14] However, Petitioner fails to identify an express statement of jurisdiction within the ICWA and argues that any ambiguity should be resolved in favor of Indian tribes.

---

[12] *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) (holding that "family relations are a traditional area of state concern").

[13] 25 U.S.C. § 1901(1) and (2) ("Congress has plenary power over Indian affairs" and "Congress . . . has assumed the responsibility for the protection and preservation of Indian tribes").

[14] *Id.*, § 1901(5) ("the States, exercising their recognized jurisdiction over Indian child custody proceedings through administrative and judicial bodies, have often failed to recognize the essential tribal relations of Indian people and the cultural and social standards prevailing in Indian communities and families").

The Court finds, however, that the ICWA is not ambiguous with regard to the jurisdiction of federal courts over adoption proceedings. Subchapter I of the ICWA, which deals exclusively with child custody proceedings, regularly references "State court proceedings." Section 1916, which governs the return of custody, permits a hearing on the best interests of the child, and references § 1912 for the procedural requirements of such a hearing. Section 1912, in turn, describes the requirements for proceedings in State court. Nowhere in the ICWA did Congress expressly grant federal courts the right to intervene in state child custody proceedings, and only an action under § 1914 can be said to involve a federal question, as it will often require an interpretation of federal law. The Court finds that § 1914 is inapplicable to the remaining issues required for a resolution of the parties' dispute and, therefore, finds that it lacks subject matter jurisdiction over the further relief requested.

C.  RESPONDENTS' REQUEST FOR STAY OF EXECUTION

Respondents filed their Motion for Stay under Rule 62(d), which allows for a stay of judgment pending appeal. This rule is designed to "preserve the status quo while protecting the non-appealing parties' rights pending appeal"[15] in cases of money judgment. The Court finds that the rule is inapplicable in a case such as this, where the judgment does nothing more than open the door for Petitioner to pursue appropriate remedies in Utah state court. In this case, Respondents are essentially requesting that the court enjoin state court proceedings during appeal, pursuant to Rule 62(c).[16] Respondents' Motion, therefore, raises issues related to the application of the Anti-

---

[15] *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 68 (D. Conn. 2007).

[16] Fed. R. Civ. P. 62(c).

Injunction Act.[17]  Even if the Anti-Injunction Act were not applicable, the Court would still have to deny the request for a stay.

Under Rule 62(c), the party seeking an injunction must show: (1) a likelihood of prevailing on the merits on appeal; (2) irreparable harm to the party seeking an injunction; (3) that others will not be harmed by the granting of an injunction; and (4) that the public interest will be served if an injunction is issued.[18]  The Court finds that Respondents are unlikely to prevail on appeal, and that the public interest in keeping Indian children within their culture, as expressed by Congress when enacting the ICWA, argues against issuance of an injunction.  The Court also finds that an injunction would harm Petitioner, in that it would delay the return of C.D.K. to her custody, but also that failure to issue the injunction would harm Respondents and, potentially, C.D.K.  Therefore, the Court finds that the balance of harms does not argue for or against issuance of the injunction.  When the Court considers that two elements argue against issuance of the injunction, and the remaining two elements do not argue for or against the injunction, the Court finds that Respondents have failed to make the necessary showing for an injunction to issue.  The Court will deny Respondents' Motion for Stay.

D.     OTHER ISSUES

At the June 17, 2009 hearing, Respondents requested additional clarification from the Court regarding the disposition of a counterclaim asserted in Respondents' Answer.[19]  The Court finds that the counterclaim, which demands reimbursement from Petitioner for the support rendered by Respondents to C.D.K. since November 2007, are not properly before the Court because the

---

[17]28 U.S.C. § 2283.

[18]*Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992).

[19]Docket No. 3 at 5.

adoption of C.D.K. has not yet been vacated and custody returned to Petitioner. The Court will therefore dismiss Respondents' counterclaim without prejudice.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Writ of Execution Allowing Petitioner to Execute on Judgment Entered 6/3/09 (Docket No. 38) is DENIED. It is further

ORDERED that Respondents' Motion to Stay Execution and Approve Supersedeas Bond (Docket No. 43) is DENIED. It is further

ORDERED that Petitioner's Motion to Expedite a Hearing on the Return of Custody (Docket No. 52) is DENIED. It is further

ORDERED that Respondents' Counterclaim is DISMISSED WITHOUT PREJUDICE.

DATED   June 17, 2009.

BY THE COURT:

TED STEWART
United States District Judge